IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-98-169 |
| § | CIVIL ACTION NO. 08-3135 |
| BRYAN L. SIMS, § | |
| § | |
| Defendant/Movant. § | |

### MEMORANDUM AND RECOMMENDATION GRANTING GOVERNMENT'S MOTION TO DISMISS AS TIME-BARRED

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 Movant Bryan L. Sims' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support (Document Nos. 320 & 321), and the Government's Answer, and Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Document No. 331). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 320), the Government's Motion to Dismiss (Document No. 331), Sims' Response to the Government's Motion to Dismiss (Document No. 336), the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss as Time Barred be GRANTED, that Sims' § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

**I.      Introduction and Procedural History**

Movant Bryan L. Sims (" Sims"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Sims' first motion pursuant to § 2255.

On May 13, 1998, Sims was charged by indictment, along with one co-defendant, with conspiracy to commit mail and wire fraud (count 1), conspiracy to commit money laundering (count 28), mail and wire fraud (counts 2-27), money laundering (counts 29-47), and forfeiture of property (count 48).  (Document No. 1).  On February 8, 1999, Sims pled guilty, pursuant to a written plea agreement, to counts 1, 28, and 48.  (Document Nos. 132 & 133).  Thereafter, on July 14, 1999, following the preparation of a presentence investigation report, to which Sims stated that he had no objections (Document No. 215), Sims was sentenced to 60 months confinement on the mail and wire fraud conspiracy count (count 1), and 144 months confinement on the money laundering conspiracy count (count 28), with the terms of confinement to run concurrent, to be followed by a three year term of supervised release, and restitution in the amount of $17,136,357.00.  (Document No. 217).  A Judgment of Conviction was entered on August 5, 1999.  (Document No. 226).  An Amended Judgment reflecting a change in the restitution order was entered on April 18, 2000.  (Document Nos. 157 & 264).  Sims did not appeal.

On or about October 20, 2008, Sims filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 320).  In response, the Government has filed an Answer and a Motion to Dismiss, and in the alternative, Motion for Summary Judgment (Document No. 331), to which Sims has filed a response in opposition (Document No. 336).

**II.     Claims**

Sims raises essentially one claim in this § 2255 proceeding: that his guilty plea was not knowing because he misunderstood what constituted "proceeds" for purposes of the money laundering conspiracy offense. Based on the newly decided case of *United State v. Santos*, 128 S.Ct. 2020 (2008), Sims argues that the term "proceeds" in the money laundering statue requires proof of "profits" – not the mere receipt of money – a distinction that was not explained to, or understood by him at the time he entered his guilty plea. In addition, Sims maintains that there was no evidence of any "profits," and therefore his money laundering conspiracy conviction should be set aside.

**III.    Discussion – Limitations**

The Government argues in its Motion to Dismiss that Sims' § 2255 motion was not timely filed and should therefore be dismissed as time-barred. Anticipating that argument, Sims maintained in his § 2255 motion that the motion was timely because it was filed within one year of the Supreme Court's decision in *United States v. Santos*, 128 S.Ct. 2020 (2008). In addition, in response to the Government's Motion to Dismiss, Sims maintains that the Supreme Court's decision in *Santos* should trigger the one year limitations period in § 2255(f)(3) because the decision, in which the Supreme Court did not set forth a new rule of constitutional law, but rather, addressed the meaning of an ambiguous term in the money laundering statute, is presumed to have retroactive effect, as was decided in the case of *United States v. Bousley*, 523 U.S. 614, 625 (1998) (holding that the application of its prior decision in *Bailey v. United States*, 516 U.S. 137 (1995), in which the use and carry provision of 18 U.S.C. § 924(c) were explained, did not raise any question concerning the

3

possible retroactive application of a new rule of law. . . [*Bailey*] did not change the law. It merely explained what § 924(c) had meant ever since the statute was enacted.").

28 U.S.C. § 2255(f) specifically provides for a one-year statute of limitations as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Sims' conviction was final at the latest on April 28, 2000, ten days after the Amended Judgment of Conviction was entered, and he failed to file a notice of appeal. *See* FED. R. APP. P. 4(b)(1) (A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Under § 2255(f)(1), Sims then had one year, or until April 28, 2001, to file timely § 2255 motion. Sims' § 2255 motion, filed in October 2008, is over seven years too late under § 2255(f)(1).

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(f)(2), (3), and (4), none is factually or legally applicable in this case. Sims' § 2255 motion

cannot be considered timely under § 2255(f)(2) because Sims was not *impeded* in any way from filing his § 2255 motion. Similarly, Sims' § 2255 motion cannot be considered timely under § 2255(f)(4) because Sims has not shown that the *facts* underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. Finally, Sims' § 2255 motion cannot be considered timely under § 2255(f)(3) because the recent case of *United States v. Santos*, 128 S.Ct. 2020 (2008) does not apply to the money laundering offense at issue in Sims' case, and because *Santos* has not, in any event, been made retroactive to cases on collateral review.

In *Santos*, the Court considered the meaning of the term "proceeds" in the money laundering statute, 18 U.S.C. § 1956(a)(1). Because the term "proceeds," was not defined, the Court had to determine whether the primary meaning of the term was "receipts" or "profits". Justice Scalia, joined by three other justices (Souter, Thomas, and Ginsburg), concluded, under the rule of lenity, which "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them," that the "profits" definition of proceeds should be adopted. *Id.* at 2025. In order to obtain a majority, however, the Court's opinion on the meaning of proceeds was limited to the narrower view espoused by Justice Stevens in his concurrence. That view was that "proceeds" means "profits" in the context of some illegal activity, such as illegal gambling, but not in all.[1] Therefore, *Santos*, which

---

[1] Justice Scalia, writing for himself, Justice Souter, Justice Thomas and Justice Ginsburg, wrote that the Court's opinion, in light of Justice Stevens' narrower, but essential concurrence, was limited to a determination " that 'proceeds' means 'profits' when there is no legislative history to the contrary." *Id.* at 2031. Justice Stevens, in his concurrence, strongly disputes that characterization of the Court's limited holding as follows:

> In what can only be characterized as "the purest of dicta," the plurality speculated about the *stare decisis* effect of our judgment and interprets my conclusion as resting on the ground that "'proceeds'" means 'profits' when there is no legislative history to the contrary." *Ante*, at 2031. That is not correct; my conclusion rests on my conviction that Congress could not have intended the perverse result that

5

involved the alleged money laundering of the proceeds of an illegal gambling operation, should only be viewed as standing for the proposition that the "proceeds" of an illegal gambling operation must, for purposes of the money laundering statute, be profits, not merely receipts. *See Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment on the narrowest ground'"); *see also United States v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008) ("The precedential value of *Santos* is unclear outside of the narrow factual setting of that case, and the decision raises as many issues as it resolves for the lower courts."); *United States v. Howard*, 2009 WL 205649 *10 (4th Cir. 2009) ("Because *Santos* does not establish a binding precedent that the term 'proceeds' means 'profits,' except regarding an illegal gambling charge, we are bound by this Court's precedent establishing that 'proceeds' means 'receipts.'"), *pet. for cert. filed*, (U.S. Apr. 13, 2009) (No. 08-9414); *Kenemore v. United States*, 2008 WL 4965948 *6 (E.D. Tex. 2008) ("The inescapable conclusion–considering the respective opinions of Justices Scalia and Stevens regarding *stare decisis*– is that 'proceeds' refers to 'profits' not 'receipts' in money laundering prosecutions involving stand-alone illegal gambling operations."); *Bhatia v. United States*, 2009 WL 690810 *16 (N.D. Ca. 2009) ("This Court will not

---

the dissent's rule would produce if its definition of "proceeds" were applied to the operation of an unlicensed gambling business. In other applications of the statute not involving such a perverse result, I would presume that the legislative history summarized by Justice ALITO reflects the intent of the enacting Congress. *See post*, at 2035-2036 and n. 1 (opinion of ALITO, J). Its decision to leave the term undefined is consistent with my view that "proceeds" need not be given the same definition when applied to each of the numerous specified unlawful activities that produce unclean money.

*Id.* at 2034, n.7.

extend the narrow holding of Santos to invalidate the money laundering convictions here, which were based on the proceeds of mail fraud, not a gambling operation.").

In Sims' case, the money laundering charge was predicated on Sims' use of the proceeds from his mail and wire fraud.   In addition, in Sims' case, Sims pled guilty and admitted in both the Plea Agreement and at his Rearraignment that he "diverted millions of dollars to his personal use, benefit and gain." Plea Agreement (Document No. 133) at 89; Rearraignment Transcript (Document No. 327) at 27.  Given that the limited holding in *Santos* does not apply in a case such as this, which is predicated in mail and wire fraud, as well as the fact that neither the Supreme Court nor the Fifth Circuit has " made" the holding in *Santos* retroactive to cases on collateral review, Sims' § 2255 motion, filed over seven years after his conviction was final, cannot be considered timely under    § 2255(f)(3).

While Sims argues that *Santos* applies retroactively regardless of whether the Supreme Court has so stated, Sims'  argument ignores the law as to the application of the limitations period in § 2255(f)(3).  The Supreme Court has acknowledged that a case is made retroactive to cases on collateral review for purposes of the one year limitations period in § 2255(f)(3) only when the Court says that it is.  *See Dodd v. United States*, 545 U.S. 353, 357-59, 125 S.Ct. 2478 (2005); *see also e.g. In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding, in reliance on the Supreme Court' s holding in *Tyler v. Cain*, 533 U.S. 656, 663 (2001), that for purposes of the filing of a successive § 2255 motion, a new rule is not " made retroactive to cases on collateral review" until the Supreme Court itself so holds); *United States v. McDade*, 2009 WL 1043900 *3 (W.D. La. 2009) (" Without a holding by the Supreme Court that the *Santos* decision applies retroactively to cases on collateral review, § 2255(f)(3) does not apply."). Moreover, given the inability of a

7

majority of the Supreme Court to agree on a holding in *Santos*, *see supra*, there is no clear decision in *Santos* that applies, either prospectively or retrospectively, to any case other than one involving money laundering of illegal gambling proceeds.

Because Sims' § 2255 motion was not timely filed and because there are no grounds in the record for equitable tolling,[2] the Government's Motion to Dismiss should be granted and Sims' § 2255 motion should be dismissed as time-barred.

## IV.   Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Bryan L. Sims' § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 331) be GRANTED, that Bryan L. Sims' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 320) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5,

---

[2] Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling has been approved by the Fifth Circuit in very limited circumstances, " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Fierro v. Cockrell*, 294 F.2d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402). There are no such circumstances evident in the record.

S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections may be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 29th day of April, 2009.

Frances H. Stacy
United States Magistrate Judge